IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN -5 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

PROTOTYPE PRODUCTIONS, INC., *et al.*,

Plaintiffs,

v.                                                         CIVIL ACTION NO. 2:11cv196

RESET, INC.,

Defendant.

## ORDER

This matter is currently before the Court on two objections to the Magistrate Judge's report and recommendation.

Plaintiffs, Prototype Productions, Inc. and Prototype Productions Incorporated Ventures Two, LLC (collectively "Prototype"), brought a claim against Defendant Reset, Inc. ("Reset") alleging patent infringement under 35 U.S.C. § 271. On May 31, 2011, Defendant filed a Motion to Dismiss for Lack of Jurisdiction or Transfer. If the Court found that the record was insufficient to provide personal jurisdiction over the Defendant, the Plaintiffs have requested jurisdictional discovery. This Court, on August 11, 2011, entered an order designating United States Magistrate Judge F. Bradford Stillman ("Magistrate Judge Stillman") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this case.[1] On October 31, 2011, Magistrate Judge Stillman filed his report and recommendation

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

1

("the Report") in which he recommended that Defendant's Motion to Dismiss or Transfer be GRANTED IN PART and DENIED IN PART, and further recommended that the case be TRANSFERRED to the Central District of California. Magistrate Judge Stillman also DENIED Plaintiffs' request for jurisdictional discovery. The Report also advised the parties of their right to file written objections to the findings and recommendations the Magistrate Judge made. On October 31, 2011, Plaintiffs filed objections to the Report and on November 14, 2011, Defendant filed its opposition to Plaintiffs' objections to the Report.

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The phrase "de novo determination", as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz,* 447 U.S. 667, 675 (1980). In other words, " 'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination.' " *Id.* (quoting *United States v. First City National Bank,* 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiffs' only two objections to the Report involve Magistrate Judge Stillman's grant of Reset's motion to transfer and denial of Prototype's request for jurisdictional discovery. Prototype contends that their asserted facts establish specific personal jurisdiction over Reset. They believe that they have made a *prima facie* showing that Reset has purposefully marketed and solicited products at the Commonwealth. Pl's. Objs. U.S. Mag. Judge R&R 16, ECF No. 27.

It is not Prototype's only claim that Reset itself has conducted activities which purposefully avail it of jurisdiction in the Commonwealth, but it is the activities of Reset and its alleged agents which prove jurisdiction.

"When commercial activities are " 'carried on in behalf of' an out-of-state party those activities may sometimes be ascribed to the party." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 n. 22 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Prototype points to Reset's purported agency or partnership relationships with Laser Devices, ATK, and Lewis Machine as justification for attributing their actions to Reset. Pl's. Objs. R&R 17. Reset has previously described Laser Devices, ATK, Lewis Machine as its "Teaming Partners", and Prototype believes such descriptions justify attributing the actions of these entities to Reset. *Id.* at 18.

The central question the Court must answer is whether Laser Devices, ATK, and Lewis Machine are agents of Reset whose actions essentially become Reset's actions.[2] "In determining whether a person is the agent of another, it is necessary that he not only be subject to the latter's control, or right of control, with regard to the work to be done and the manner of performing it, but the work has to be done on the business of the principal or for his benefit." *Whitfield v.*

---

[2] The Court does not believe there is enough evidence to support a claim that Reset has formed a *legal* partnership with Laser Devices, ATK, or Lewis Machine. While the evidence for such claims stems from Reset's employees using the language of "partnership," there is no legitimate basis for believing that Reset has formed an actual, binding partnership that is of the kind a Court would ordinarily see between two companies. Under the law of the Commonwealth, a partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit formed under § 50-73.88, predecessor law, or comparable law of another jurisdiction . . . ." *See* Va. Code Ann. § 50-73.79. There is no evidence that Reset has formed that type of agreement with Laser Devices, ATK, or Lewis Machine. Therefore, the Court will focus on whether Laser Devices, ATK, and Lewis Machine are agents of Reset.

3

*Whittaker Mem'l Hosp.*, 169 S.E.2d 563, 567 (Va. 1969). "If an agency relationship exists, the critical test is the nature and extent of control exercised by the purported principal over the agent." *Butterworth v. Integrated Res. Equity Corp.*, 680 F. Supp. 784, 789 (E.D. Va. 1988) (citation omitted).

Prototype has provided the Court with little to no evidence, other than a press release, to justify their assertion that Lewis Machine is an agent of Reset. Though Lewis Machine has dealers in Virginia, there is no evidence that these dealers sell or market the Rifle Integrated Power Rail ("RIPR") in Virginia. This is facially insufficient evidence to prove that Lewis Machine is Reset's agent.

Now, the Court will turn to the potential agency relationship between Reset and Laser Devices. Reset has provided the Court a copy of its "Teaming Agreement" with Laser Devices. Both Laser Devices and Reset conclude that "[t]his agreement shall not constitute, create, or in any way be interpreted as a joint venture, partnership, agency relationship or formal business organization of any kind." *See* Teaming Agreement 5, ECF No. 33. The plain language of the Teaming Agreement shows that Laser Devices and Reset did not intend to maintain an agency relationship or a partnership. Prototype points to Reset's ability to get Laser Devices to remove a mistaken advertisement from a website as evidence of Reset's control over Laser Devices. The fact that Reset was able to get Laser Devices to tell one of its agents, OpticsPlanet, to remove a faulty advertisement from a website does not constitute an agency relationship.

Assuming, *arguendo*, that there exists an agency relationship between Reset and Laser Devices, the Court will address Prototype's other contentions. Prototype claims that Laser Devices, through its vendor, OpticsPlanet, offered RIPR for sale on its website. *Id.* at 23. Based

on the record, the Court concludes that the website offer was the unilateral activity of OpticsPlanet with whom Reset has no relationship. Additionally, as soon as Reset was made aware of such sales, it took steps to ensure that the website was modified or taken down.[3] Reset did not authorize the initial action and was completely unaware of it. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Deckla*, 357 U.S. 235, 253 (1958).[4]

Prototype also presents the Court with new evidence that was not before Magistrate Judge Stillman when he issued his Report. Specifically, Prototype claims that one week before the Report issued, Reset, through Laser Devices, engaged in marketing and soliciting its RIPR to Virginia residents at an exhibition in Washington, D.C. Pl's. Objs. R&R 1. As the Court has previously noted, it has the discretion to consider new evidence. However, even considering the new evidence which Plaintiffs bring before the Court, there is still insufficient proof to establish a *prima facie* case that Reset has purposefully availed itself of jurisdiction in the Commonwealth. That it is merely likely that residents of Virginia attended an exhibition in Washington, D.C., does not mean that Reset would expect to be haled into court here. There is no evidence that Reset sells its product at all, and the marketing that Prototype claims has taken place in and around the Commonwealth is insufficient. Reset does not have the constitutionally sufficient minimum contacts with the Commonwealth, and as such, the Court will not exercise jurisdiction

---

[3] The Court further finds no evidence to suggest that the website was modified in an effort to avoid jurisdiction in Virginia. The webpage was removed not only in Virginia but for consumers everywhere. *See* Def.'s Br. Opp'n Pl's. Objs. U.S. Mag. Judge R&R 9.

[4] Because the Court finds that ATK, Laser Devices, and Lewis Machine are not partners or agents of Reset, Magistrate Judge Stillman's reliance on *Hanson* is proper.

over it.

If the Court finds that Prototype has not made a *prima facie* showing establishing jurisdiction, then Prototype requests the Court order jurisdictional discovery to provide the Plaintiffs more opportunity to meet their burden. "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003); *see also McLaughlin v. McPhail*, 707 F.2d 800, 806-07 (4th Cir. 1983). After analyzing the record and the evidence which Prototype has provided the Court, the Court concludes that Prototype has offered only the type of evidence which amounts to mere speculation and conclusory assertions. That evidence, without more, cannot justify permitting jurisdictional discovery in this case.

Prototype has not provided the Court with any concrete evidence to suggest that Reset has marketed the RIPR to residents of the Commonwealth. It is not enough to say that an exhibit in Washington, D.C. makes it "reasonably likely" that residents of the Commonwealth were targeted. Pl's. Objs. R&R 1. Nor is it enough that the U.S. military's headquarters in Virginia makes it "highly probable" that Reset placed its product into the Commonwealth. Pl's. Opp'n Br. 23, ECF No. 12. These statements highlight the extremely speculative contacts Prototype provides this Court. While disputes in this inquiry should be resolved in the Plaintiffs' favor, the inferences which are required to permit jurisdictional discovery are simply too numerous for this Court to make.

The Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no merit to the objections

of the Plaintiffs. Accordingly, the Court does hereby accept the findings and recommendations set forth in the Magistrate Judge Stillman's report and recommendations in the case at bar.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss or Transfer is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion to Transfer is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **TRANSFERRED** to the Central District of California.

**IT IS FURTHER ORDERED** that Plaintiffs' request for jurisdictional discovery is **DENIED**.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

/s/ Raymond A. Jackson
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
January 5, 2012